In accordance with the directives of the North Carolina Court of Appeals, the undersigned find as facts and conclude as matters of law the following, which were entered into by the parties in a Form 21 agreement approved by the Commission on July 12, 1993 and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the provisions of the North Carolina Worker's Compensation Act.
2. At all relevant times, an employer/employee relationship existed between the plaintiff and the defendant/employer.
3. Aetna Life and Casualty is the carrier on risk in this matter.
4. On June 6, 1992, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of employment with defendant-employer.
5. The average weekly wage in this matter is $102.00 which yields a compensation rate of $68.00.
6. Plaintiff's medical records were stipulated into evidence. They consist of medical records from Gary Kaplowitz, M.D., Linda Weidler, D.C., Franklin Regional Medical Center, James Patrick, M.D. and Michael G. Dolin, M.D.
 ***********
In accordance with the directives of the North Carolina Court of Appeals, and based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-one years old. Plaintiff has a high school education and one year of college. Plaintiff is married and has three children ages six, seven and thirteen.
2. On June 6, 1992, plaintiff was employed as a cook/cashier by the defendant/employer. Plaintiff's responsibilities included preparing food, setting up or the shift changes and operating the cash register. Plaintiff would also clean the kitchen area as well as other parts of the restaurant.
3. On June 6, 1992, plaintiff was shocked by an electrical hot plate injuring her back, chest and arm. The parties entered into a Form 21 Agreement for Compensation which was approved by the Commission on 12 July 1993.
4. Initially, plaintiff was treated by Linda Weidler, D.C. and Gary Kaplowitz, M.D. Linda Weidler, D.C. released plaintiff to return to light duty instructing her to avoid lifting over twenty-five pounds.
5. On September 14, 1992, Dr. Kaplowitz released plaintiff to return to normal duty.
6. Plaintiff returned to work for the defendant/employer and continued to work until February or March, 1993 when she resigned her position. Since leaving the defendant/employer, she has worked for two temporary agencies.
7. Plaintiff last saw Dr. Kaplowitz on October 19, 1992.
8. Since 1992 plaintiff has seen no physician concerning her back with one exception. However, plaintiff was seen by the Franklin Regional Medical Center during 1993 and 1994 for the following reasons: an injured left ankle, headaches and earaches, back, neck and ear pain, abdomen pain, vaginal pain and lower abdominal pain, sore throat, frequent urination and swollen hands, vaginal discharge and vaginal bleeding. Plaintiff made mention of her back on only one occasion in August, 1993.
9. The Form 21 Agreement entered into by the parties and approved by the Commission on 12 July 1993 constitutes a final award. Plaintiff's last payment of disability compensation was on 26 September 1992. On 14 April 1993 defendants filed a Form 28B with the Industrial Commission. The Form 28B advised and notified plaintiff that she had two years from 26 September 1992, the date on which the last compensation was paid, within which to claim additional benefits. Plaintiff did not make any request for additional benefits with the Commission until she filed a Form 33 Request for Hearing on grounds of a change in condition on 9 January 1996, more than two years from the last payment of disability.
10. There is no evidence of record that defendants induced plaintiff into any delay in filing a claim for additional compensation with the Commission.
 ***********
In accordance with the directives of the North Carolina Court of Appeals, and based upon the findings of fact, the undersigned concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff failed to file a claim with the North Carolina Industrial Commission for further compensation within the two-year time limit prescribed by N.C. Gen. Stat. § 97-47. Therefore, plaintiff's claim for continuing disability on grounds of a change in condition is time barred under the Act. N.C. Gen. Stat. § 97-47.
2. Defendants are not estopped to rely upon the provisions of N.C. Gen. Stat. § 97-47 in bar of plaintiff's claim.Watkins v. Motor Lines, 279 N.C. 132, 181 S.E.2d 588
(1971).
 ***********
In accordance with the directives of the North Carolina Court of Appeals, and based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby DENIED.
2. The parties shall share the costs of this appeal.
This is the ___ of December, 1998.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________ RENÉE C. RIGGSBEE COMMISSIONER
S/ _______________ LORRIE L. DOLLAR DEPUTY COMMISSIONER
LKM/bjp